1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Albert R. GUZMAN,                    )      No. CV-04-2561-PHX-SMM
                                          )
10              Plaintiff,                )      **ORDER**
                                          )
11   v.                                   )
                                          )
12   Jo Anne Barnhart, COMMISSIONER,)
     S O C I A L   S E C U R I T Y)
13   ADMINISTRATION,                      )
                                          )
14              Defendant.                )
     _____

15

16                           **INTRODUCTION**

17          Before the Court is a Motion for Summary Judgment filed by Defendant Jo Anne

18   Barnhart, Commissioner of the Social Security Administration ("Defendant"). (Dkt. 10) This

19   motion requires the Court to determine (1) if substantial evidence exists to support the

20   Administrative Law Judge's decision, and (2) if correct legal standards were applied.  For the

21   reasons set forth below, the Court will grant Defendant's motion and affirm the decision of the

22   Administrative Law Judge.

23                   **FACTUAL AND PROCEDURAL HISTORY**

24          As a preliminary matter, the Court takes Judicial Notice of the transcript of the

25   administrative proceedings.[1]

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28          [1]A court may take judicial notice of "records and reports of administrative bodies." *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

1        In December of 1994, Plaintiff Albert Richard Guzman ("Plaintiff") filed an application

2   to receive disability insurance benefits under Title II of the Social Security Act("SSA").

3   (Transcript ("TR"), 11).  Because Plaintiff was suffering from Guillan Barre syndrome, his

4   application was approved and he began receiving benefits. (Tr. 12).  In 1995, Plaintiff began

5   a trial work period, which was approved by the Social Security Administration. (Tr. 11-12).

6   Plaintiff was allowed to continue receiving benefits during the trial work period, but only for

7   the months in which his earnings fell below the level presumed to demonstrate the performance

8   of substantial gainful activity.  (Tr. 12).  On January 13, 1997, Plaintiff requested that his

9   benefit payments cease after March 3, 1997 because he was returning to work. (Tr. 23-25).

10  Although Plaintiff promptly reported his return to work, he continued to receive disability

11  benefit payments from June 1997 to May 1998.[2] (Tr. 60-71).  Eventually, the Administration

12  discovered the overpayment and took action to recover the benefits improperly paid to Plaintiff.

13        On July 29, 2002, Plaintiff requested a waiver of recovery of the overpayment.  (Tr. 27-

14  34).  Plaintiff stated that he was without fault in receiving the overpayment because he had

15  diligently reported his work activity and earnings to the Administration. (Tr. 27-34).  The

16  Administration denied Plaintiff's requested waiver on February 24, 2003, finding that Plaintiff

17  was at fault for failing to return the payments he improperly received. (Tr. 40-42).  Plaintiff then

18  requested a hearing before an Administrative Law Judge ("ALJ") to review the Administration's

19  denial of the requested waiver of recovery. (Tr. 43-44).

20        After a hearing held on November 21, 2003, the ALJ determined that even though

21  Plaintiff was not at fault in causing the overpayment, he was at fault in accepting the

22  overpayment. (Tr. 13).  In reaching this finding, the ALJ relied on the fact that Plaintiff had

23  requested that his benefit payments stop after March 3, 1997, and that he was provided

24  information concerning working and receiving benefits. (Tr. 11-14).  These particular facts, the

25  ALJ determined, demonstrated that Plaintiff was aware that he was not entitled to receive

26  benefits from June 1997 to May 1998. (Tr. 12-13).  The ALJ also considered other pertinent

27

28        [2] Plaintiff was overpaid eight thousand thirty-four dollars ($8,034) in benefits.

- 2 -

1  circumstances, such as the fact that Plaintiff is an individual with an advanced education, a

2  Master's in Business Administration, and that he has no mental limitations affecting his

3  understanding. (Tr. 13).  The ALJ further noted that Plaintiff had "at all times under

4  consideration complied with the Administration's requests for information and promptly

5  reported changes in his work activity and earnings." (Tr. 13).  However, despite Plaintiff's good

6  faith, the ALJ found him at fault for accepting benefits payments during a time he was aware

7  that he was not entitled to receive such payments. (Tr. 13-14).

8    The ALJ's decision became final when the Appeals Council declined Plaintiff's request

9  for review on August 27, 2004. (Tr. 3-5).  Plaintiff then filed this action for judicial review

10  pursuant to 42 U.S.C. § 405(g). (Dkt. 1).

11    Defendant filed the instant motion for summary judgment on July 5, 2006. (Dkt. 10).

12  To date, Plaintiff has not filed a response.  The Court issued a "Rand Warning" on August 8,

13  2006, which, *sua sponte*, provided Plaintiff with additional time to file a response and explained

14  the consequences that may follow from failing to come forward with contradicting evidence.[3]

15  (Dkt. 13).  The Court's "Rand Warning" also directed Plaintiff to consult Rule 56(e) of the

16  Federal Rules of Civil Procedure and briefly explained the procedure for opposing motions for

17  summary judgment. (Dkt. 13).  Still, Plaintiff has not filed a response.  Therefore, the Court will

18  address the instant motion on the merits considering the briefs filed by Defendant and the

19  appropriate statutory and case law.

20           **STANDARD OF REVIEW**

21    Within the District of Arizona, Social Security appeals are resolved using the summary

22  judgment process.  Summary judgment is appropriate if there are no genuine issues as to any

23  material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

24  56(c). Parties moving for summary judgment are not automatically entitled to summary

25  judgment as a result of nonmovant's failure to respond to motion; rather, summary judgment

26  will only be granted if it is appropriate to do so. Fed. R. Civ. P. 56(e).

27

28    [3]*Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998).

- 3 -

1          The decision of the Commissioner must be affirmed if it is supported by substantial

2    evidence and the Commissioner applied the correct legal standards. *See Batson v. Comm'r of*

3    *Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030,

4    1035 (9th Cir. 2003).  When reviewing factual determinations by the Commissioner, acting

5    through the Administrative Law Judge, this Court affirms if substantial evidence supports the

6    determinations. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*,

7    94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is more than a mere scintilla, but less

8    than a preponderance. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir.

9    2003); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).   Substantial evidence,

10   considering the entire record, is relevant evidence which a reasonable person might accept as

11   adequate to support a conclusion. *Howard*, 341 F.3d at 1011; *Morgan v. Comm'r of Soc. Sec.*

12   *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If the evidence can reasonably support either

13   affirming or  reversing the Commissioner's conclusion, the Court may not substitute its

14   judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1193; *McCartey v. Massanari*,

15   298 F.3d 1072, 1075 (9th Cir. 2002).  The ALJ is responsible for determining credibility,

16   resolving conflicts in medical testimony, and for resolving ambiguities. *See Benton*, 331 F.3d

17   at 1040; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The ALJ's determinations

18   of law are reviewed de novo, although deference is owed to a reasonable construction of the

19   applicable statutes. *See Edlund*, 253 F.3d at 1156; *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th

20   Cir. 2000).

21                                          **DISCUSSION**

22          Defendant argues that substantial evidence supports the ALJ's decision to deny a waiver

23   of recovery of overpayment because Plaintiff did not establish that he was without fault in

24   accepting overpayments. (Dkt.12 at 2).  The Court agrees.

25          In a case such as the one before the Court, where an individual received Social Security

26   disability benefits that he was not entitled to receive, the Administration may waive repayment

27   if the individual was without fault and if recovery would defeat the purpose of the Act or be

28   contrary to equity and good conscience. 20 C.F.R. § 404.506 (2006).  Fault is defined as:

- 4 -

1

2

3

4

        (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
        (b) Failure to furnish information which he knew or should have known to be material; or
        (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507 (2006).  In determining whether an individual is at fault, the SSA "will

5

6

7

8

9

10

consider all pertinent circumstances, including [the individual's] age, intelligence, education,

and physical and mental condition." *Id.*  The claimant of an overpayment has the burden of

proving that he was without fault. *See, e.g. Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir.

1982); *cf. Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984) (Similar standard for

Supplemental Security Income benefits).

11

12

13

14

15

16

17

18

       Here, the ALJ found that while Plaintiff was without fault in causing the overpayment,

he was at fault for accepting the overpayment.  The ALJ based this finding on the fact that

Plaintiff requested that the payment of benefits stop with the check he would receive on March

3, 1997 as well as the fact that he was provided information concerning working and receiving

benefits.  This evidence, according to the ALJ, demonstrated that Plaintiff was aware that he

was not entitled to the benefits paid from June 1997 to May 1998 and therefore at fault in

receiving the overpayment.  In reaching this determination, the ALJ considered Plaintiff's

Master's in Business Administration and lack of mental limitations.

19

20

21

22

23

24

25

26

27

28

       The Court will affirm the ALJ's determination because it is clear that her decision is

supported by substantial evidence and that she used the correct legal standard.  After expressly

providing the correct definition of "fault" under 20 C.F.R. § 404.507, the ALJ focused on the

third particular definition, "acceptance of a payment which the individual knew or could have

been expected to know was incorrect." (Tr. 12).  The ALJ noted that Plaintiff had at all times

complied with the SSA's requests for information and promptly reported changes in his work

activity and earnings and determined that he was without fault in causing the overpayment.

Nonetheless, even though Plaintiff was not responsible for overpayment, there was substantial

evidence indicating that he was at fault for not returning the benefits he received after March

3, 1997.  Plaintiff's own admission that he should stop receiving benefits after the March 3,

1  1997 payment as well as his advanced education strongly support such a finding.  Therefore,

2  the Court finds that the ALJ's determination was supported by substantial evidence and based

3  upon the correct legal standard.

4                                              **CONCLUSION**

5          Accordingly, for the reasons set forth above,

6          **IT IS HEREBY ORDERED GRANTING** Defendant's Motion for Summary Judgment

7  (Dkt. 10).  This action is DISMISSED WITH PREJUDICE.

8          **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

9          DATED this 27th day of December, 2006.

10

11

12

13

14

15                                      Stephen M. McNamee
                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28